UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DENNIS WILKINSON,

        Plaintiff,                                             Case No. 18-13728

v.                                                            Honorable Thomas L. Ludington
                                                                Magistrate Judge Patricia T. Morris

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND AFFIRMING THE COMMISSIONER**

Plaintiff, Dennis Wilkinson, applied for Title II Disability Insurance Benefits (DIB) on October 31, 2011, alleging that his disability began on November 23, 2010. ECF No. 9 at PageID.457. The Commissioner denied the claim. ECF No. 9 at PageID.149. Plaintiff then requested a hearing before an ALJ, which occurred on March 26, 2013. ECF No. 9 at PageID.74-106. The ALJ issued a decision on May 17, 2013, finding Plaintiff was not disabled during the relevant period. ECF No. 9 at PageID.207-211. On November 28, 2014, the Appeals Council vacated the ALJ's decision and remanded the case to resolve various issues: directing further evaluation of medication side effects, with assistance from a medical expert; seeking further evaluation of treating physician John Lemke and clarification of the residual functional capacity (RFC) regarding Plaintiff's ability to climb stairs; and finally specific findings pertaining to Plaintiff's past relevant work. ECF No. 9 at PageID.216-218. On remand, another hearing was conducted, ECF No. 9 at PageID.108-188, after which, on August 3, 2015, the ALJ issued a decision again denying Plaintiff's claim, ECF No. 9 at PageID.48-65. This time, the Appeals

Council denied review on October 3, 2018. ECF No. 9 at PageID.33-36. For the following reasons, Plaintiff's objections will be overruled and Judge Morris' recommendation will be adopted.

**I.**

Neither party objected to Judge Morris' summary of the relevant background of the case. For that reason, the summary is adopted in full. A shorter summary is provided here for background. In November 2001, Plaintiff "had a decompression laminectomy and excision of the L4-5 disc." ECF No. 9 at PageID.578. Dr. David Herz wrote a note stating Plaintiff could return to work part-time at the end of January 2002 with various restrictions – minimal lifting over 15 to 20 pounds, minimal bending, twisting, pushing, and pulling, avoiding strenuous exertion, and an ability to alternate between sitting and standing. ECF No. 9 at PageID.579. An MRI was ordered in 2010 to investigate lumbar radiculopathy and found large disc protrusions at the L4-5 level, limited disc bulges at the L3-4 level, and estradural abnormalities at the L4-5 and L5-S1 levels. ECF No. 9 at PageID.580-581. Plaintiff was in physical therapy and suffered additional injuries over time and he continued to suffer with back pain. Plaintiff made two arguments in his motion for summary judgment: "(1) 'the record does not support a finding that Plaintiff would miss work no more than two days per month'; and (2) the ALJ erred in assigning little weight to Dr. Rubin's opinion that Plaintiff met listing 1.041(A)." ECF No. 18 at PageID.818 (quoting ECF No. 9 at PageID.737, 751). Judge Morris upheld the ALJ's conclusions with regard to both arguments.

**II.**

When reviewing a case under 42 U.S.C. § 405(g), the Court must affirm the Commissioner's conclusions "absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citations omitted).

Substantial evidence is "such evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation omitted).

**A.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a Magistrate Judge's report and recommendation. *See* FED. R. CIV. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). *De novo* review requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie v. Birkett*, 221 F.Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform

identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.*

**B.**

Under the Social Security Act ("The Act"), a claimant is entitled to disability benefits if he or she can demonstrate that they are in fact disabled. *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Disability is defined by the Act as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505, 416.05. A plaintiff carries the burden of establishing that he meets this definition. 42 U.S.C. §§ 423(d)(5)(A); *see also Dragon v. Comm'r of Soc. Sec.*, 470 F. App'x 454, 459 (6th Cir. 2012).

**III.**

Wilkinson raises two objections to Judge Morris' report and recommendation. Plaintiff's first argument is that Judge Morris incorrectly concluded that Plaintiff's medical condition would not likely cause Plaintiff to miss more than two days of work per month. His second argument is the case should be remanded to the ALJ for additional testimony.

**A.**

First, Wilkinson argues that Judge Morris's conclusion that "the ALJ's finding that Plaintiff would not miss more than two days of work per month is contradicted by the record evidence." ECF No. 19 at PageID.838 (capitalization omitted). Judge Morris found the ALJ was entitled to evaluate the credibility of the witness-doctors and could evaluate Plaintiff's daily activities, including his pain management, on his ability to work full-time. This objection is nearly identical to Plaintiff's argument to Judge Morris in support of his motion for summary judgment. Even

though Plaintiff includes the phrases "the Magistrate Judge found that," and "the Magistrate Judge reported that" throughout his objection, he has simply repackaged his original argument from his motion for summary judgment into an objection to the report and recommendation. In his motion for summary judgment, Plaintiff proffered the following evidence that he would have to miss more than two days of work per month: his exercise regime did not equate to an eight hour a day workload, his need for rest due to significant pain, the number of breaks he needs after exercising or completing household chores, his medication makes him drowsy, his difficulty sitting for prolonged periods of time, his back and leg pain, and Dr. Lemke's explanation that he would be absent from work about three days per month. ECF No. 13 at PageID. 737-743. Plaintiff's objection to the report and recommendation is organized around three doctors' testimony, but cites to almost the same evidence—both physical evidence and testimony of others. ECF No. 19 at PageID.838-843. The physical evidence includes his physical evaluations by the doctor and MRI show he may be able to work part-time, sitting and standing for long periods of time is difficult, his leg and back pain, and the fact that lifting items is difficult. *Id.* The other evidence includes the fact that Plaintiff is on pain medication that makes him drowsy, he would need significant breaks at work, one doctor said he would be absent from work for three days per month, and his exercise and light housework duties do not equate to being able to work for eight hours a day for five days a week. *Id.*

A simple restatement of the plaintiff's arguments from the motion for summary judgment is an insufficient basis for renewal of an objection to a report and recommendation. The Western District of Michigan has concluded, "[t]his Court is not obligated to address objections made in this form because the objections fail to identify the specific errors in the magistrate judge's proposed recommendations, and such objections undermine the purpose of the Federal

Magistrate's Act. . . which serves to reduce duplicative work and conserve judicial resources." *Funderburg v. Commissioner of Social Security*, 2016 WL 1104466 at *1 (E.D. Mich. March 22, 2016) (quoting *Owens v. Commissioner of Social Security*, 2013 WL 1304470 at *3 (W.D. Mich. Mar. 28, 2013); *see also Combs v. Commissioner of Social Security*, 2019 WL 1253423 at *3 (E.D. Mich. Mar. 19, 2019) ("In general, an objection to an R&R that simply 'rehashes' the same arguments that were presented on summary judgment is insufficient."). Plaintiff repeats his argument that he would need more than two days off a month and advances essentially the same evidence from his motion for summary judgment. Plaintiff even copied and pasted 1.5 pages of case law and argument from his motion for summary judgment to his objections. *Compare* ECF No. 19 at PageID.842-843 *with* ECF No. 13 at PageID.740-741, 743. Because Plaintiff failed to file specific objections to Judge Morris' report and recommendation, the Court need not and does not analyze his objections.

**B.**

Plaintiff's second objection is that Judge Morris' report "demonstrates that Dr. Rubin's testimony was incomplete regarding nerve root impingement" and as such the case should be remanded for additional testimony from Dr. Rubin. ECF No. 19 at PageID.844 (capitalization omitted). Judge Morris concluded in her report that the MRI evidence "sounds bad" but

> what it all has to do with nerve compression, however, is something neither plaintiff nor Dr. Rubin explained. . . . [Dr. Rubin] seems to have discerned something relating to compressing in the raw MRI data, yet he failed to translate any such insight—which could only have been based on expert medical knowledge—into a meaningful explanation for the ALJ. At best, then, the ALJ was left with a hunch that Dr. Rubin might have gleaned something from the MRI. The ALJ was not required to credit this speculation. ECF No. 18 at PageID.830.

Plaintiff's argument that the issue should be remanded "for additional testimony from Dr. Rubin to clarify his position and to explain in layman terms haw [sic] the extradural abnormalities, disc

protrusion and disc fragments impact a patient's ability to function and how such findings coincide with pain, numbness and limitation of motion" is a completely new argument. ECF No. 19 at PageID.846. The Sixth Circuit has held that "while the Magistrate Judge Act, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 2000 F.3d 895, 902 n.1 (6th Cir. 2000); *Murphy v. Lockhart*, 826 F. Supp. 2d 1016, 1025–26 (E.D. Mich. Sept. 30, 2011). Plaintiff's argument that the case should be remanded for Dr. Rubin to proffer additional testimony in layman's terms could have been raised in front of Judge Morris. As Judge Morris explained in her recommendation, "[Dr. Rubin] seems to have discerned something relating to compression in the raw MRI data, yet he failed to translate any such insight—which could only have been based on expert medical knowledge—into a meaningful explanation for the ALJ [leaving the ALJ] with a hunch that Dr. Rubin might have gleaned something from the MRI" without knowledge of what that was and how it relates to Plaintiff. ECF No. 18 at PageID.830. Plaintiff could have chosen to seek a remand after the ALJ's opinion for additional testimony from Dr. Rubin. Instead, Plaintiff chose to repeat most of Dr. Rubin's testimony in his dispositive motion. ECF No. 13 at PageID.743-751. If Plaintiff was concerned about the adequacy or clarity of Dr. Rubin's testimony, he should have advanced that argument in his motion for summary judgment and sought a remand to the ALJ. At this stage in the litigation, Plaintiff cannot seek a remand of the case to the ALJ based upon his objection to Judge Morris' report and recommendation.

**IV.**

Accordingly, it is **ORDERED** that Plaintiff's objections, ECF No. 19, are **OVERRULED**.

It is further **ORDERED** that Judge Morris' report and recommendation, ECF No. 18 is **ADOPTED**.

It is further **ORDERED** that Plaintiff's motion for summary judgment, ECF No. 13, is **DENIED.**

It is further **ORDERED** that Defendant's motion for summary judgment, ECF No. 17, is **GRANTED.**

It is further **ORDERED** that the decision of the Commissioner of Social Security is **AFFIRMED.**

Dated: January 22, 2020          s/Thomas L. Ludington
                                 THOMAS L. LUDINGTON
                                 United States District Judge